IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| BYRON PIPKIN,<br><br>    Plaintiff,<br><br>v.<br><br>FLOYD BONNER, ET AL.,<br><br>    Defendants. | Civ. No. 2:23-cv-02095-SHM-tmp |

ORDER MODIFYING THE DOCKET;
DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE IN PART
AND WITHOUT PREJUDICE IN PART;
GRANTING LEAVE TO AMEND; AND
DIRECTING PIPKIN TO NOTIFY THE CLERK OF PIPKIN'S UPDATED
ADDRESS

On February 22, 2023, Plaintiff Byron Pipkin, then a pretrial detainee at the Shelby County Criminal Justice Center (the "SCCJC") in Memphis, Tennessee[1], filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 and Tennessee state law (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). On February 27, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant

---

[1] In April 2024, Pipkin was sentenced on convictions for first degree murder, especially aggravated kidnapping, being a convicted felon in possession of a firearm, and possession of a firearm during aggravated kidnapping. *See* Tennessee Department of Correction, Felony Offender Information database, https://foil.app.tn.gov/foil/results.jsp (last accessed July 9, 2025); *see also* Shelby County District Attorney General, https://www.scdag.com/news-releases/man-found-guilty-of-2022-murder-of-girlfriend (last accessed July 9, 2025). Pipkin is presently incarcerated at the South Central Correctional Center (the "SCCC"), in Clifton, Tennessee. Pipkin has not filed a change of address in this Court. On July 3, 2025, the Tennessee Court of Criminal Appeals affirmed the trial court's judgments. *State v. Pipkin*, No. W2024-00771-CCA-R3-CD, 2025 WL 1833871, at *1, *11 (Tenn Crim. App. July 3, 2025).

to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 4.) The complaint (ECF No. 1) is before the Court.

Pipkins's complaint is construed to allege claims of: (1) cruel and unusual punishment; (2) unconstitutional conditions of confinement; (3) negligence; (4) unconstitutional segregated confinement; and (5) official misconduct in violation of "Federal and State Constitutions" arising from defendants' failure to follow SCCJC policies. (ECF No. 1 at PageID 2; ECF No. 1-2 at PageID 8-10; ECF No. 1-4 at PageID 13-14.) Pipkin sues seventeen (17) Defendants: (1) Sheriff Floyd Bonner; (2) Chief Kirk Fields; (3) Chief Barnett; (4) Chief Anderson; (5) Chief Rudd; (6) Lieutenant Bunting; (7) Lieutenant Morris; (8) Lieutenant Cato; (9) Lieutenant Parker; (10) Lieutenant Johnson; (11) Lieutenant Lee; (12) Sergeant Echols; (13) Lieutenant Morning; (14) Sergeant Brown; (15) Sergeant Dodson; (16) Sergeant Carwell; and (17) G.I.U. Sergeant Williams (collectively, the "Individual Defendants"). (*Id*. at PageID 1-2.) Pipkin seeks: (1) injunctive relief; (2) ten million dollars ($10,000,000.00) in "mental damages"; (3) ten million dollars ($10,000,000.00) in "emotional damages"; and (4) ten million dollars ($10,000,000.00) for "physical damage." (*Id*. at PageID 3.)

The Clerk shall MODIFY the docket to add Shelby County, Tennessee (the "County") as a Defendant.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE in part and WITHOUT PREJUDICE in part; and (2) leave to amend the claims dismissed without prejudice is GRANTED.

I.    **FACTUAL BACKGROUND**

Pipkin alleges that during his six (6) months of confinement at the SCCJC, he suffered a "multi-tude [sic] of life threatening situations due to 201 Poplar's negligence", including: (1) lack

2

of clean laundry, "which causes bacteria[l] infections, boils, and breakouts" (ECF No. 1-2 at PageID 8); (2) bug infestation, inmate urine, inmate fecal matter, and plumbing leaks in his solitary confinement cell (*id.* at PageID 9); (3) deprivation of cleaning supplies (*id.*); and (4) exposure to smoke inhalation and mace after an inmate set a fire "to get us the attention warranted by our situation" (*id.* at PageID 9-10). Pipkin's allegations are construed as claims of unconstitutional conditions of confinement in violation of the Eighth Amendment of the United States Constitution and the Eighth Amendment of the Constitution of the State of Tennessee.[2]

Pipkin also alleges that, due to a gang riot that occurred because the SCCJC is "short of staff", Pipkin was wrongfully placed in solitary confinement. In segregation, he was "deprived of showers and recreation due to shortage of staff yet again" (*id.* at PageID 8). Pipkin alleges that the Individual Defendants "knowingly and intentionally acted with the intent to benefit from harm of Plaintiff by exercising unauthorized power and authority, exceeding the official powers" (*id.*).

## II. <u>LEGAL STANDARD</u>

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*,

---

[2] *See Mock v. Strada*, No. 3:24-cv-01100, 2024 WL 4701889, at *1 (M.D. Tenn. Nov. 6, 2024) ("'the standards applicable to conditions of confinement by virtue of the Eighth Amendment ... [are] equally applicable to […] the Tennessee Constitution,' Article I, Sections 16 and 32") (citing *Grubbs v. Bradley*, 552 F. Supp. 1052, 1125 (M.D.Tenn. 1982)).

556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

**III.   REQUIREMENTS TO STATE A CLAIM UNDER § 1983**

Pipkin sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution

4

and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

IV. **ANALYSIS OF THE COMPLAINT**

A. **Claim Of Negligence**

Pipkin alleges that he and other prisoners[3] at the SCCJC have "suffered for their [the Individual Defendants'] negligence." (ECF No. 1-2 at PageID 8.)

Pipkin's claim of negligence is not cognizable under § 1983. Negligent conduct is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. *See Lewellen v. Metropolitan Gov't of Nashville & Davidson Co., Tenn.*, 34 F.3d 345 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest").

Pipkin's claim of negligence is DISMISSED WITH PREJUDICE for failure to state a claim to relief under § 1983 as a matter of law.

B. **Claims For Injunctive Relief**

Pipkin is no longer confined at the SCCJC. (*See* https://foil.app.tn.gov/foil/details.jsp (Pipkin is presently confined at the SCCC) (last accessed July 8, 2025).) In his complaint, Pipkin seeks: (1) a "reprimand" of the Individual Defendants "for their actions[,] [and] maint[enance] [of] the facility […] in the orderly fashion the way it should be ran [sic]; and (2) federal court vindicat[ion] [of] federal and state rights holding officials acting under the color act of the law [sic] to be held accountable for these actions[,] and to enjoin them

---

[3] To the extent Pipkin seeks to assert a claim under § 1983 on behalf of other prisoners at the SCCJC, his effort is not well taken. A prisoner alleging claims under § 1983 "is limited to asserting alleged violations of his own constitutional rights and … lacks standing to assert the constitutional rights of other prisoners." *Robinson v. Eller*, No. 2:24-cv-134, 2024 WL 3626713, at *2 (E.D. Tenn. Aug. 1, 2024) (citing *Newsom v. Norris*, 88 F.2d 371, 381 (6th Cir. 1989)).

from acting unconstitutional[ly] by myself [sic]." (*See* ECF No. 1 at PageID 3.) Pipkin's claims for injunctive relief fail to state a claim to relief as a matter of law.

"[A] prisoner plaintiff's release from custody generally renders requests for injunctive relief regarding his former confinement moot." *Davis v. Parker*, No. 1:17-cv-0082, 2018 WL 2189751, at *2 (M.D. Tenn. Apr. 17, 2018) (citing *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010)). "Any [injunctive] relief [that] could have been granted" in this case is moot because Pipkin is no longer confined at the SCCJC. *See Quinn v. W. Mental Health Institute*, No. 14-1140, 2015 WL 541980, at *3 (W.D. Tenn. Feb. 10, 2015). Pipkin's transfer from the SCCJC has "eradicated the effects of the alleged [constitutional] violation[]s" alleged in the complaint. *See Quinn*, 2015 WL 541980, at *3.

"Furthermore, there is no reasonable expectation that the alleged [constitutional] violation will recur", *see id.*, because Pipkin is no longer at the SCCJC. "Under these circumstances, there is no basis for the [C]ourt to provide [Pipkin] with injunctive relief." *See Quinn*, 2015 WL 541980, at *3; *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for injunctive relief related to his conditions of confinement were moot when he was no longer confined at that facility); *Penland v. Warren Cnty. Jail*, 759 F.2d 524, 526 n. 1 (6th Cir. 1985) (when plaintiffs sought injunctive relief related to their confinement at a county jail, their release rendered their claims moot). "Further, the Court has no authority to direct that [the SCCJC] [reprimand] [the Individual Defendants] […] as part of any final outcome in this case." *See Davis*, 2018 WL 2189751, at *2.

Pipkin's claims for injunctive relief are DISMISSED WITH PREJUDICE for failure to state a claim to relief under § 1983 as a matter of law.

### C. Claims Of Cruel And Unusual Punishment, Unconstitutional Conditions Of Confinement, Failure To Follow SCCJC Policies, And Unconstitutional

6

### Segregated Confinement Against (1) The Individual Defendants In Their Official Capacities And (2) The County

The complaint is silent about whether Pipkin brings his claims against the Individual Defendants in their individual or official capacities. (*See* ECF No. 1.) It is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," but the failure to do so is not fatal if the "course of proceedings" test demonstrates the defendant received sufficient notice that the intent was to hold the defendant personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). That test considers "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Rashada v. Flegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *6 (6th Cir. Apr. 1, 2024); *Vittetoe v. Blount Cty.*, 861 F. App'x 843, 851 (6th Cir. 2021). The course of proceedings test also considers subsequent pleadings if they are filed in the early stages of litigation. *Vittetoe*, 861 F. App'x at 851.

Pipkin's complaint lists the Individual Defendants' official titles in the caption (ECF No. 1 at PageID 1-2), contains no language asserting an individual-capacity claim against the Individual Defendants (*see id.* at PageID 1-3), and seeks relief based on the Individual Defendants' "*official* misconduct" and "*official* oppression") (*id.* at PageID 2 (emphasis added)). The Court will treat Pipkin's claims of (1) cruel and unusual punishment, (2) unconstitutional conditions of confinement, (3) failure to follow SCCJC policies, and (4) unconstitutional segregated confinement against the Individual Defendants as official capacity claims.

Pipkin's official capacity claims are treated as claims against the Individual Defendants' employer when the complaint was filed — *i.e.*, the County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

7

The County may be held liable only if Pipkin's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of a plaintiff's theory of liability, *see, e.g., Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007). A plaintiff must identify an *official* policy or custom that caused his injuries. *See Weaver v. Henderson Cnty.*, No. 16-1134, 2017 WL 90386, at *2 n. 1 (W.D. Tenn. Jan. 10, 2017).

Pipkin's complaint does not identify or describe a policy or custom of the County, let alone a policy or custom that is unconstitutional or pursuant to which the County deprived Pipkin of his constitutional rights. Pipkin instead seeks relief based on: (1) allegedly uncomfortable or unpleasant circumstances of life in confinement generally; (2) particular circumstances of segregation unique to Pipkin's experience in solitary confinement; and (3) his subjective generalization that the Individual Defendants "exercise[ed] unauthorized power and authority."

(*See* ECF No. 1 at PageID 2; ECF No. 1-2 at PageID 8-10; ECF No. 1-4 at PageID 13-14.) Pipkin does not allege facts stating a claim to relief against the County or against the Individual Defendants in their official capacities. He does not demonstrate that the County had an official policy or custom about laundry service, insect control, cell cleaning practices, indoor air quality, conditions of solitary confinement, or enforcement of SCCJC personnel policies -- much less an unconstitutional policy or custom pursuant to which the Individual Defendants acted to deprive Pipkin of his constitutional rights.

To the extent Pipkin alleges that the Individual Defendants failed to follow unspecified administrative policies of the SCCJC (*see* ECF No. 1-2 at PageID 8-9 (alleging failure to follow "sound correction[al] practices"), Pipkin's allegation does not rise to a constitutional violation. *See Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). Mandatory language in prison regulations (which Pipkin's complaint does not clearly allege) does not create a liberty interest protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 729-30 (W.D. Tenn.), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (citing *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-71 (6th Cir. 1995)). Even if the complaint were construed to allege that (1) the SCCJC had specifically-described policies and procedures governing the conditions and events that Pipkin grieves (which the complaint does not clearly allege) and (2) the Individual Defendants were bound to follow those policies and procedures, § 1983 would not provide a remedy for violations of state laws or regulations. *See Lewellen*, 34 F.3d at 347; *see also Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (the violation of a prison regulation is not actionable under § 1983) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)). Pipkin does not have a

constitutional right to require that the Individual Defendants observe any particular SCCJC policies and procedures governing the conditions and events alleged in the complaint.

To the extent Pipkin alleges unconstitutional segregated confinement (*see* ECF No. 1-2 at PageID 8-9), his claim is not well taken. A prisoner has no "inherent constitutional right to avoid … segregated housing." *Hill*, 630 F.3d at 469. Mere placement in administrative segregation itself does not implicate protectible liberty interests under the Due Process Clause. *See Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). For segregation to be actionable, the Supreme Court has held that an inmate must show that his segregated confinement rose to the level of "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Harden-Bey v. Rutter*, 524 F.3d 789, 792 (6th Cir. 2008) (holding that "to implicate a cognizable liberty interest in the prison setting, ... the discipline must be unusual and substantial 'in relation to the ordinary incidents of prison life'") (quoting *Sandin*, 515 U.S. at 484). A plaintiff must demonstrate a "restraint" that imposed an atypical and significant hardship. *Id.* at 790–91.

The duration of an inmate's segregated confinement is relevant to, but not solely determinative of, whether his confinement imposes atypical and significant hardship. *See Harden-Bey*, 524 F.3d at 795. The Sixth Circuit also considers the following factors, in their totality, when determining whether an inmate's segregation implicates a liberty interest by imposing atypical and significant hardship on the inmate: (1) the reasons for an inmate's continued confinement in segregation; (2) the conditions of an inmate's confinement "'in relation to the ordinary incidents of prison life'"; and (3) the impact the confinement will have on the inmate's sentence. *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (quoting *Sandin*, 515 U.S. at 472, 483); *see also Jones v. Raye*, No. 12-6567, 2014 WL 10319865, at *1–*2 (6th Cir. June 3, 2014) (holding that the

plaintiff-inmate's two-and-a-half-year confinement "may have been atypical," but was for "good reason" because he assaulted corrections officers). Pipkin does not: (1) allege when his segregated confinement occurred (*see* ECF No. 1-2 at PageID 8-9); (2) specify how long it lasted (*see id*. at PageID 9 (alleging "I was forced to live in an unsanitary condition for weeks")); (3) identify how it differed from conditions experienced by other segregated prisoners at the SCCJC; or (4) describe how his segregation differed in relation to the ordinary incidents of prison life at the SCCJC. *See Sandin*, 515 U.S. at 484, 487; *Baker*, 155 F.3d at 813.[4] The complaint fails to allege facts demonstrating that Pipkin's segregated confinement placed "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 484.

For the reasons explained above, Pipkin's claims of cruel and unusual punishment, unconstitutional conditions of confinement, failure to follow SCCJC policies, and unconstitutional segregated confinement against (1) the Individual Defendants in their official capacities and (2) the County are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

## V. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a District Court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also*

---

[4] *See, e.g., Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) *(*confinement in a cell for twenty-three (23) hours a day did not impose an atypical and significant hardship); *Rimmer-Bey*, 62 F.3d at 791 n.3 (confinement in disciplinary segregation for twenty-three (23) hours and ten (10) minutes a day did not implicate a liberty interest) (internal citation omitted).

*Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the claims in the complaint that are dismissed without prejudice, under the conditions set forth below.

## VI.     CONCLUSION

For the reasons set forth above:

A.      Pipkin's (1) claim of negligence and (2) claims for injunctive relief in the complaint (ECF No. 1) are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2).

B.      Pipkin's claims in the complaint (ECF No. 1) of (1) cruel and unusual punishment, (2) unconstitutional conditions of confinement, (3) failure to follow SCCJC policies, and (4) unconstitutional segregated confinement (collectively, the "Claims Dismissed Without Prejudice") are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2).

C.      Leave to amend the Claims Dismissed Without Prejudice is GRANTED.  Amended claims must be filed within twenty-one (21) days of the date of this Order.  An amended pleading

must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Pipkin's claims. If Pipkin decides to amend his claims, he shall: (1) comprehensively and particularly list, in one document, all defendants and all claims within this Court's jurisdiction, relating exclusively to claims Pipkin sought to assert in the initial complaint; and (2) file amended claims on the Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 complaint form.[5] An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Pipkin must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.

If Pipkin fails to file an amended complaint within the time specified, the Court will dismiss with prejudice the Claims Dismissed Without Prejudice and enter judgment.

D.   The record suggests that Pipkin is no longer confined at the SCCJC. (*See* https://foil.app.tn.gov/foil/details.jsp (Tennessee Department of Correction Felony Offender Information website showing that Pipkin is presently confined at the SCCC) (last accessed July 8, 2025).) Pipkin is ORDERED to notify the Court in writing, within twenty-one (21) days of the date of this Order, of Pipkin's present address. If Pipkin fails to abide by this or any other provisions of this Order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court. (*See also* ECF No.

---

[5] *See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf (Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983) (last accessed July 9, 2025).

4 at PageID 21 (February 27, 2023 Order requiring Pipkin to notify the Court if Pipkin is transferred to a different prison or released).)

    IT IS SO ORDERED this _9th_ day of July, 2025.

                                /s/ *Samuel H. Mays, Jr.*
                                SAMUEL H. MAYS, JR.
                                UNITED STATES DISTRICT JUDGE